# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **ID No.: 1802015496** |
| | ) | |
| **LAVAR E. HARRIS,** | ) | |
| Defendant. | ) | |

Submitted: May 2, 2022
Decided: September 7, 2022

## OPINION AND ORDER ON DEFENDANT'S
## RULE 61 MOTION FOR POSTCONVICTION RELIEF – DENIED;
## AND COUNSEL'S MOTION TO WITHDRAW - GRANTED

*James J. Kriner, Esquire,* Deputy Attorney General, Office of the Attorney General, 820 North French Street, Wilmington, Delaware 19801.

*Benjamin Gifford, Esquire,* Law Offices of Benjamin S. Gifford, IV, 14 Ashley Place, Wilmington, DE 19804

*Lavar E. Harris, Pro Se.*

**Jones, J.**

1

On January 29, 2019, Defendant Lavar Harris ("Harris") pled guilty to one Count of Murder by Abuse or Neglect. Harris was sentenced to forty (40) years of Level V incarceration suspended after serving thirty-five (35) years, followed by descending levels of probation. No direct appeal to the Delaware Supreme Court was taken by Harris.

On July 17, 2019 Harris, through trial counsel, filed a letter with the Court arguing that his sentence was more severe than that of his codefendant, Tameke Wright, who had also pled guilty. Counsel asked the Court to retain jurisdiction over Harris' sentence to allow him to move to modify the Order after serving twenty-five (25) years of incarceration. While this issue was pending, Harris filed a *pro se* Motion for Reduction of Sentence pursuant to Superior Court Rule of Criminal Procedure 35. On December 5, 2019, the Court issued a decision denying counsel's request for the Court to retain jurisdiction and denying the *pro se* Motion for Reduction of Sentence.

On July 10, 2020, Harris filed a *pro se* Motion for Postconviction Relief asserting three (3) claims: (1) trial counsel was ineffective in failing to investigate whether he had been threatened by the police; (2) the sentencing judge was biased; and (3) defendant was informed at the time of his plea colloquy that his potential sentence was anywhere between zero (0) to fifteen (15) years of incarceration.

On September 15, 2020, this Court entered an order expanding the record. Trial counsel filed an affidavit on December 4, 2020. On December 28, 2020, Harris asked the Court to appoint counsel to represent him in the post-conviction proceeding. Benjamin Gifford, Esquire was appointed counsel for Harris. On May 2, 2022, Mr. Gifford filed a Motion to Withdraw as Counsel with a Supporting Brief. On July 31, 2022, the State filed its Answering Brief.

Before addressing the merits of the Motion, I first address the four procedural bars of Superior Court Criminal Rule 61(i).[1] If a procedural bar exists, as a general rule, the Court will not address the merits of the postconviction claim. Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, failure to raise claims that could have been raised, or former adjudication.[2]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[3] In this case, Harris' conviction became final, for purposes of Rule 61, thirty days after the sentence which was imposed.[4] Harris was sentenced on June 24, 2019. He filed this Rule 61 Petition on July 10, 2020. Therefore, the Motion is timely.

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002) (citing *Younger v. State* 580 A.2d 552, 554 (Del. 1990).
[2] Super. Ct. Crim. R. 61(i).
[3] Super. Ct. Crim. R. 61(i)(1).
[4] Super. Ct. Crim. R. 61(m)(1).

Second, subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[5] Since this is Movant's first motion for postconviction relief, this restriction does not apply.

The grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[6] Rule 61(i)(3) bars claims that were not raised in the proceedings unless Movant can establish cause for failing to timely raise the claim, and actual prejudice from failing to raise the claim.[7] Harris did not challenge his sentence on direct appeal, nor does the Rule 61 Motion offer any explanation for why he failed to do so. Moreover, Rule 61(i)(3) bars claims that could have been, but were not raised below on direct appeal, *even when ineffective assistance of counsel is asserted*,[8] unless Movant successfully demonstrates that counsel was in fact ineffective and that ineffectiveness prejudiced his rights.[9] To the extent that Ground Two (judge bias) and Three (improper sentence) of the Rule 61 Motion implies that Harris received ineffective assistance of counsel in connection with his

---

[5] Super. Ct. Crim. R. 61(i)(2).

[6] Super. Ct. Crim. R. 61(i)(3).

[7] *Wilson v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006). (Citing *McCloskey v. State*, 782 A.2d 265 (Del. 2001).

[8] To the extent that Ground Two of the Rule 61 Motion implies a claim of ineffective assistance of counsel, normally under Delaware law ineffective assistance of counsel claims may not be addressed by the Delaware Supreme court on direct appeal. Rather, such collateral claims are properly raised for the first time in postconviction proceedings. *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super., January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal.")

[9] *Williams v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006) (citing *Gattis v. State*, 697 A.2d 1174 (Del. 1997)).

plea agreement and the resulting sentence, he has "failed to demonstrate that his counsel acted unreasonably by failing to file a direct appeal if for no other reason than the fact that his sentence was within the statutory limits and therefore not illegal."[10] The Rule 61 Motion is barred under Rule 61(i)(3) for failure to assert a direct appeal because Movant has not shown "cause for relief and prejudice from the violation." The same analysis apples to the claims of judge bias.

Even if Ground 2 (improper sentencing) and Ground 3 (judge bias) were not procedurally barred, the claims fail because they lack merit. Harris contends that he was informed that the plea he entered exposed him to a potential sentence of anywhere between zero (0) and fifteen (15) years of incarceration.[11] The Truth in Guilty Plea form, which was signed by Harris, indicates that the statutory penalty was fifteen (15) years to life with a minimum mandatory of fifteen (15) years.[12] During the plea colloquy, the Court asked Harris: "Do you understand that is a felony punishable by – from 15 years to up to life imprisonment, of which 15 years is a so-called minimum mandatory sentence that cannot be suspended?[13] Harris replied in the affirmative.[14] Harris also acknowledged that no one had promised him what sentence the judge would impose.[15] Statements made by defendants during a

---

[10] *Id.* (internal footnotes omitted).
[11] A477.
[12] Plea Agrmt., D.I. 28.
[13] A375.
[14] A375.
[15] A375-76.

5

plea colloquy "are presumed to be truthful."[16] The plea colloquy and accompanying paperwork simply do not support Harris' contention. In fact, the record demonstrates that Harris was aware that the penalty was 15 years to life.

Harris contends that the sentencing judge was biased against him. A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant.[17] "A judge must have an open mind for receiving all information related to the question of mitigation."[18] The transcript of the sentencing hearing does not support Harris' allegation. The trial judge specifically stated that he was imposing the same sentence for Harris and his co-defendant, Wright, because he believed both "knew right from wrong" and were equally culpable for Chosen's death.[19] The Court clarified, however, that even through Wright and Harris were being sentenced together, its "sentences and reasoning and thinking are separate, even whatever I end up with the number of years that each defendant ought to receive."[20] The Court also indicated that it had reviewed all the mitigation reports provided by the defense[21] and that there were "significant mitigating circumstances."[22] However, the sentencing judge ultimately found that the aggravating factors outweighed the

---

[16] *Somerville v. State.* 703 A.2d 629, 632 (Del. 19997).

[17] *Ellerbe v. State*, 2000 WL 949625 at *1 (Del. Supr., May 11, 2000).

[18] *Johnson v. State*, 2016 WL 3453745 at *2 (Del. Supr., June 16, 2016).

[19] A459.

[20] A458.

[21] A458.

[22] A459.

mitigating factors. [23] There is simply no basis in the record to support Harris' claim that the sentencing judge was bias.

Finally, the fourth procedural bar does not apply as there has been no jurisdictional challenge, nor a claim that pleads with particularity that the new evidence exists that creates a strong inference of actual innocence or that a new retroactively applied rule of constitutional law renders the conviction invalid.

I turn to Harris' claim regarding ineffective assistance of counsel in failing to investigate whether the police threatened Harris. The State has couched this claim as a failure on the part of the defense counsel to file a Motion to Suppress his statement to the Police. However, the claim is phrased it remains barred.

This claim involves activity that occurred prior to the plea. Because a voluntary guilty plea constitutes a waiver of any alleged error or defects occurring prior to "the entry of the plea, including a claim that counsel failed to file a motion to suppress a confession," the Delaware Supreme Court has held that any such claim during postconviction is meritless.[24] As such Harris' claim for ineffective assistance of counsel is barred.

Even if this Court were to consider Mr. Harris' claim on its merits, the record does not give rise to any reasonably meritorious claim of ineffective assistance.

---

[23] A459.
[24] *Cooper v. State*, 2008 WL 2410404 at *1 (Del. Supr. June 16, 2008).

Harris contends that he informed trial counsel that police threatened him, presumably during his interviews with the authorities. The State provided trial counsel with recordings of Harris' interview weeks before Harris was indicted.[25] Trial counsel had each of those statements transcribed.[26] A review of the audio and written transcripts by this Court, leads this Court to conclude that the language used by police toward Mr. Harris while interviewing Harris does not appear threatening to a degree that would give rise to a claim for suppression under *Miranda v. Arizona*.[27] On February 23, 2018, after Harris was arrested, he was brought to the police station for an interview. At no point during the interview was Harris threatened, tricked, or cajoled into a waiver of his *Miranda* rights. In fact, officers would not speak with Harris about the case until they read him his rights and he indicated that he understood those rights. At the start of the February 23 interview, Harris asked the officers questions such as whether he would be able to go home, and why he was the only person that was brought in regarding this incident. The officers' response was that they had to read Harris his *Miranda* rights before speaking with him about the case. Prior to reading Harris his *Miranda* rights, the

---

[25] A002; A064.

[26] *See*, A065-347.

[27] 384 U.S. 436 (1966) (The United States Supreme Court recognized that all custodial interrogations create "compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Id.* at 467. To ameliorate these inherent pressures, *Miranda* "imposed on the police an obligation to follow certain procedures in their dealings with the accused." *Id.* at 420. These procedures include that "[p]rior to questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently." *Id.* at 444).

officers told Harris that if something did not make sense to him that they would break it down for him, he just had to let the officers know. The officers read Harris his *Miranda* rights and asked him if he understood his rights – Harris responded "sure." Thus, the audio and written transcripts plainly show the officers appropriately obliged with *Miranda* and, thus, even if Harris' Motion was not procedurally barred, this Court would deny it on this ground.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** this __7th__ day of September, 2022 that Defendant's Rule 61 Motion for Post-Conviction Relief is DENIED; and Mr. Gifford's Motion to Withdraw as Counsel is **GRANTED**.

_/s/ Francis J. Jones, Jr._

Francis J. Jones, Jr., Judge

*Original filed with Prothonotary*